Totten, J.,
delivered the opinion of the court.
The action is founded on an obligation, executed by defendant to Susan Quinby, on the 29th October, 1842, by which he agreed to pay to Susan Quinby one hundred and forty dollars in carpenter’s work, and upon said obligation are the following endorsements, to-wit; “ Pay the within to the order of C. W. or W. L. Nance,” signed “Susan Quinby;” “I assign the within to Wm. Warmouth, without recourse on me, Oct. 14,1846,” signed “ C. W. Nance.”
His honor, the judge, instructed the jury, “that if the paper in suit was assigned to C. W. or W. L. Nance, the assignment of one of them would not transfer the paper; but if both had assigned it, the word “ or ” would be construed “ and,” to effectuate the intention of the party.”
The verdict was, of course, for the defendant, and the only question is, whether there was error in the instructions to the jury, and we are of the opinion that there was not.
As to the character of the instrument, we may observe that *440 it is not a negotiable paper in the sense of the law merchant; though, by statute, (1801, eh. 6, sec. 54,) such a contract is assignable, so as to transfer the legal interest, and to enable the assignee to sue in his own name. Whiteman vs. Childress, 6 Hum. R., 309.
The case of Willoughby vs. Willoughby, 5 N. H. R., 254, was an action by one of the payees on a note payable to Washington or Joseph Willoughby, and the court was of opinion that the note was evidence of a contract with both the payees jointly; that “ or,” in the note, must be understood to mean “ andand, therefore, that one of the payees could not maintain the suit without joining the other.
In Blanckenhagen vs. Blandell, 2 B. & A. 417, and Walrad vs. Petrie. 4 Wend. R., 575, the notes were made payable to two persons in the disjunctive, and a similar view of the subject was taken. But these cases are principally to the point, that such a note is not valid as a promissory note, because of the uncertainty of the person entitled to the payment; and certainly, that is to be taken as the settled doctrine as to-promissory notes, made negotiable, as under the law merchant. Story on Prom. Notes, sec. 33.
The case of Ellis vs. McLemoor, 1 Baily, S. C. R., 13, maintains a different rule, and decides that one of the payees of a note may alone maintain the action, because it is made payable to either. This case must be considered as standing opposed to the weight of authority on this subject, and we are by no means satisfied with the principle it holds, of the reasoning employed to maintain it.
Although such paper be not valid, as a promissory note, yet it is evidence of a contract for the payment of money, and-according to the cases referred to, and especially that in 5 N. H. R.,itis evidence of a contract with both the payees jointly; and they have, therefore, a joint interest in the fund secured by such note.
*441 If this view of the subject be not correct, then the note or other contract so made payable to two or more, in the disjunctive, should be taken as void for the uncertainty, as we do not see that any one of the payees can have a better claim than another to sue upon the note or contract, or demand its payment. It is true, that a payment to any one of them would be a discharge of the contract; but that is also true, when the note or contract is made payable to two or more persons jointly ; a payment to one is a payment to all, although they have a joint interest in the fund.
We think it more conformable to reason, as well as authority, to hold such a contract as valid, and as conferring a joint interest on the persons with whom it is made, and who are entitled to its proceeds. Now, to apply this principle to the present case, the assignment to “ C. W. or W. L. Nance,” will be construed as conferring upon them, not a separate, but a joint interest in the contract, that being the intention as well as legal effect; and as only one of them has assigned to the plaintiff, it follows that the plaintiff is not invested with the legal title to the contract, and, therefore, cannot maintain an action upon it. It certainly was competent for him, as the owner of this obligation, to strike out the assignments, they being imperfect, and to sue in the name of the payee for his use; but as he relies upon the assignments, and they do not transfer the legal title, the present action cannot be maintained.
Let the judgment be affirmed.